# United States District Court
# Central District of California

| | |
|---|---|
| CLAYTON UTTERBACK,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant. | Case No.: 2:19-cv-00646-ODW (GJSx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [11]** |

## I.    INTRODUCTION

Presently before the Court is Defendant United States of America's (the "United States") Motion to Dismiss ("Motion") pro se Plaintiff Clayton Utterback's ("Utterback") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (Mot., ECF No. 11.) For the reasons discussed below, the Court **GRANTS** the United States's Motion and **DISMISSES PLAINTIFF'S COMPLAINT WITH PREJUDICE**.[1]

---

[1] Having carefully considered the papers filed in connection to the instant Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2019, Utterback initiated this action by filing what he entitled "Bill of Equity and Restitution Complaint" (hereinafter, "Complaint"). (ECF No. 1.) Although not entirely comprehensible or intelligible, Utterback appears to have filed this lawsuit "seeking a verification of assets, accounting of funds, and in rem attachment of property admitted owed, and the disbursement of the trust res to the beneficiaries." (Compl. 1.) Specifically, Utterback sets forth what appears to be thirteen causes of action. (Compl. 40–53.) It appears that Utterback is alleging that he is entitled to (1) recover money in connection with the Troubled Asset Relief Program (TARP), which the federal government created in 2008 to address the subprime mortgage crisis, and (2) an offset related to a 2012 federal tax lien. (Compl. 58; *see also* Mot. 1.)

On April 1, 2019, the United States moved to dismiss the Complaint. On April 16, 2016, Utterback filed his "Response and Objections to Dismissal Motion" (hereinafter, "Opposition"). (Opp'n, ECF No. 13.) Utterback's Opposition did not dispute the United States's assertion that his Complaint sought to recover money pursuant to TARP and an offset of his 2012 tax lien. Instead, Utterback asserted an objection pursuant to the Fifth Amendment that "[d]ismissal does not end the controversy therefore the matter cannot be dismissed," and, although the relevance is not entirely clear to the Court, references various federal regulations, agencies, and statutes. (Opp'n 2–7.)

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see*

*also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Accusations of fraud require a plaintiff to plead with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Rule 9(b) requires that the complaint identify the "who, what, when, where, and how" of the fraudulent activity, "as well as what is false or misleading about" it, and why it is false. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV.     DISCUSSION

### A.     Troubled Asset Relief Program (TARP)

On November 11, 2009, Utterback sued the Secretary of the United States Treasury, the Queen of England, and anonymous defendants in the United States

District Court for the District of Columbia ("D.C. Action") related to the 2008 Emergency Economic Stabilization Act, which enabled the TARP program. *See Utterback v. Geithner*, 754 F. Supp. 2d 52, 55 (D.D.C. 2010). The court granted the United States Treasury's motion to dismiss, concluding that Utterback failed "present a claim on which the Court can grant relief or that would suffice to give the defendant fair notice." *Id.* at 56. Moreover, the court noted that the complaint and Utterback's proposed amended complaint contained "disjointed, mostly incoherent, allegations." *Id.* at 55. The D.C. Circuit granted a motion for summary affirmance of the district court's dismissal in the D.C. Action. *Utterback v. Geithner*, No. 10-5426, 2011 WL 2148689, at *1 (D.C. Cir. May 10, 2011). The D.C. Circuit noted that "[t]he district court properly dismissed appellant's amended complaint on the ground that appellant failed to state a facially plausible claim for relief." *Id.* Utterback petitioned for a writ of certiorari to the U.S. Supreme Court, which was denied. *Utterback v. Geithner*, 565 U.S. 1115 (2012).

Much like Utterback's case in the D.C. Action, his current complaint also consists of "70 pages of . . . rambling assertions on various topics that fail to shed any . . . light on the basis of [Utterback's] claims." *Utterback v. Geithner*, 754 F. Supp. 2d at 56 ("[T]he motion [for leave to amend] consists of little more than a garbled recitation of [Utterback's] understanding of various legal standards."). Utterback fails to state a claim related to the TARP program. Simply identifying a federal program and claiming that he is entitled to funds from that program does not state a plausible claim. Moreover, from what the Court can discern from Utterback's Complaint, Utterback already litigated his TARP claim in the D.C. Action. Unsatisfied with the results, Utterback attempts to revive his TARP claim nearly ten years later. Just like with his claim in the D.C. Action, Utterback has not stated a claim for relief.

**B.  IRS Tax Lien**

On May 26, 2014, the IRS assessed a civil penalty against Utterback "for the submission of a frivolous tax return . . . for the 2012 taxable year." (Mot. Ex. 1 ("Tax

Court Order"), at 2.) On April 21, 2015, the IRS sent Utterback a letter advising him of a lien filed against him in the amount of $15,003. (*Id.*) In response, Utterback submitted a request for a collection due process or equivalent hearing ("CDP hearing"). (*Id.*) In addition to the hearing request, Utterback referred to a trust held by the "Secretary of State" for $166 billion. (*Id.* at 2–3.)

On March 16, 2016, the IRS held a hearing. (*Id.* at 4.) During the hearing, Utterback did not contest the lien, but instead argued that "he did not receive the lien notice. In response, [the settlement officer] asked [Utterback] how he knew to prepare and timely submit his CDP hearing request, to which [Utterback] provided no reply." (*Id.*) Ultimately, the reviewing settlement officer from the Internal Revenue Service Office of Appeals sustained the tax lien. (*Id.* at 4.)

On June 27, 2016, Utterback filed a petition for review with the U.S. Tax Court. (*Id.* at 6.) Again, Utterback did not "challenge the existence or amount of his underlying liability (i.e. the civil penalty liability) for 2012." (*Id.* at 7.) The court ultimately concluded that the IRS could proceed with the collection of Utterback's unpaid civil penalty. (*Id.* at 10.) Utterback appealed to the Ninth Circuit, which dismissed his appeal as frivolous. *Utterback v. Comm'r*, No. 18-72477, 2018 U.S. App. LEXIS 35463, at *1 (9th Cir. Dec. 18, 2018) ("[W]e conclude this appeal is frivolous.").

Utterback appears to be making the same claims in this action that were previously raised and adjudicated in both the Tax Court and Ninth Circuit. Regardless, this Court does not have jurisdiction to review the Tax Court's ruling or the Ninth Circuit's ruling deeming Utterback's appeal as frivolous. *See Estate of Quirk v. Comm'r of Internal Revenue*, 521 F.2d 723, 724 (9th Cir. 1975) ("The taxpayer may not confer jurisdiction on the district court to review a Tax Court action . . . .").

## C. Leave to Amend

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." S*chreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez*, 203 F.3d at 1129.

Here, Utterback has not requested leave to amend. Instead, Utterback improperly requests that the Court submit this case to arbitration without any support or basis for doing so. (Opp'n 26.) Leave to amend is not warranted. Utterback does not dispute that he previously had an opportunity to, and did in fact, adjudicate his TARP claim and tax lien. Utterback also does not identify any facts that could cure the fatal defects to his Complaint. Accordingly, leave to amend is not proper.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the United States's Motion to Dismiss (ECF No. 11). Utterback's Complaint is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

August 9, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**